UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

        Plaintiff,

v.                                                                                CAUSE NO. 3:22-CV-942-DRL-MGG

NIGHLENGER *et al.*,

        Defendants.

## OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a complaint against three guards at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Carson alleges he told the defendants to check on an inmate because he believed the inmate was going to commit suicide. He alleges they refused, and the inmate was later found hung in his cell. He argues the defendants were deliberately indifferent to that inmate, but that does not make them liable to Mr. Carson who has no standing to assert claims on behalf of the other inmate. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

Mr. Carson argues the defendants were "negligent to my mental health." ECF 1 at 5. But "negligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). The complaint does not allege facts showing the defendants' alleged refusal to prevent the other inmate's suicide was deliberately indifferent to Mr. Carson.

Mr. Carson alleges he has nightmares, emotional distress, mental health problems, and trouble sleeping as a result of the defendants' alleged refusal to prevent the suicide. That does not state a claim because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, amendment would be futile because Mr. Carson was merely the unfortunate neighbor of an inmate who killed himself. The defendant guards, even if they did everything he alleges, did not violate Mr. Carson's Eighth Amendment rights.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 18, 2022                                         *s/ Damon R. Leichty*
                                                          Judge, United States District Court